UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:22-cv-21813

LAURA MONTANARI,

    *Plaintiff*,

v.

SPRING EQ, LLC,

    *Defendant.*

_____/

**DEFENDANT SPRING EQ, LLC'S NOTICE OF REMOVAL**

Please take notice that Defendant Spring EQ, LLC (hereinafter "Defendant" or "Spring EQ"), hereby files this statement of the grounds for removing this cause of action to the United States District Court for the Southern District of Florida, Miami Division, together with a copy of all process, pleadings and orders served upon Defendant to date in the state court action. Defendant's grounds for removal are as follows:

1. On May 10, 2022, Plaintiff Laura Montanari ("Plaintiff"), individually and on behalf of all, others similarly situated, sued Spring EQ for violations under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA"). Compl. ¶ 1.

2. The lawsuit is pending in the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida under Case No. 2022-008568-CA-01 ("State Action").

3. On May 25, 2022, Spring EQ was served with a Summons and copy of the Complaint in connection with the State Action. A copy of the State Court complaint is attached as **Exhibit A**.

4. Spring EQ timely files this Notice of Removal within 30 days of service in accordance with 8 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Spring EQ must be included with this Notice of Removal. The Summons and state court docket sheet are attached as **Exhibit B.** No other documents have been served on Spring EQ.

6. This Court has personal jurisdiction over the parties.

7. Defendant Spring EQ LLC is the only named defendant in the Complaint.

8. Venue is proper in this District in accordance with 28 U.S.C. § 1441(a).

9. The State Action is removable to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In CAFA, Congress granted the federal courts diversity jurisdiction over putative class actions where: (1) the citizenship of at least one proposed class member is different from that of any defendant [*Id.* § 1332(d)(2)(A)]; (2) the putative class action consists of at least 100 proposed class members [28 U.S.C. § 1332(d)(5)(B)]; and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interests and costs [*Id.* §§ 1332(d)(2), (d)(6)]. Each of these requirements is satisfied.

10. This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).

11. Plaintiff Laura Montanari is alleged to be a resident of the State of Florida. Compl. ¶ 5. Spring EQ is informed and believes that Plaintiff is a citizen of the State of Florida.

12. Defendant Spring EQ is alleged to be a "foreign corporation." Compl. ¶ 7.

13. Defendant Spring EQ is actually a Delaware corporation with its principal place of business in Pennsylvania.

14. For purposes of assessing minimal diversity under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

15. Because the citizenship of at least one member of the putative class is diverse from the citizenship of at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied here.

16. On behalf of the putative classes, Plaintiff seeks, among other relief, compensatory damages in the form of statutory damages under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059; and equitable and/or injunctive relief. Assuming, for the purposes of removal only, that the allegations in the Complaint are true, the amount in controversy exceeds $5 million, and the aggregate number of members of the putative class exceeds 100. (See Compl., ¶ 16 (alleging that "Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit

***thousands*** of text messages automatically and without any human involvement").) Accordingly, based on Plaintiff's allegations, the aggregate number of class members is many times greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B) and the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

17. The action does not fall within any exclusion to removal of jurisdiction recognized by 28 U.S.C. § 1332(d), and therefore this action is removable pursuant to CAFA, 28 U.S.C. § 1332(d) and § 1453(b).

18. For all the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

19. Promptly after the filing of this Notice of Removal, Spring EQ shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Clerk of Court of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

Wherefore, Defendant Spring EQ, LLC hereby removes this action to this Court.

Dated: June 14, 2022

By: /s/ Aaron S. Weiss

Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
Telephone: 305-530-0050

*Counsel for Defendant Spring EQ*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record. Additionally, a copy of the foregoing document has been served on the following counsel via email transmission:

Manuel S. Hiraldo, Esq.
Email: mhiraldo@hiraldolaw.com

Andrew J. Shamis, Esq.
Email: sashamis@shamisgentile.com

Scott Edelsberg, Esq.
Email: scott@edelsberglaw.com

*Counsel for Plaintiff*

*s/ Aaron S. Weiss*
Aaron S. Weiss
